IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DUANE K. AUWAE,                    )   CIVIL NO. 06-00371 HG-KSC
                                   )
            Plaintiff,             )
                                   )
        vs.                        )
                                   )
JO ANNE B. BARNHART,               )
Commissioner of Social             )
Security,                          )
                                   )
            Defendant.             )
_____ )

**ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO AFFIRM THE DECISION OF THE ADMINISTRATIVE LAW JUDGE**

This case involves the appeal of the Administrative Law Judge's decision upholding the Social Security Administration's denial of disability benefits to Plaintiff Duane K. Auwae.

Plaintiff filed an application for Disability Insurance Benefits and Social Security Income on the grounds that his severe back pain has prevented him from doing any work since January 1, 2001. The Social Security Administration denied his application and, following an administrative hearing, the Administrative Law Judge ("ALJ") held that Plaintiff was not disabled at any time through the date of the ALJ's decision, June 25, 2004. Following Plaintiff's request for review, the Appeals

1

Council remanded the case to the ALJ with instructions to evaluate the claim further and issue a new decision.  The ALJ held a new hearing and again, on April 28, 2005, issued a decision unfavorable to Plaintiff.  The Appeals Council denied Plaintiff's request for review and Plaintiff's appeal to this Court followed.

This Court designated this matter to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and § 636(b)(3).

On September 10, 2007, the magistrate judge entered a Findings and Recommendation to Affirm the Decision of the ALJ (F&R).

On September 24, 2007, Plaintiff filed Objections to the F&R.

The factual background, standard of review applicable to disability benefits cases under the Social Security Act, the parties' respective burdens of proof, and all grounds for appeal raised in Plaintiff's opening brief are set forth in detail in the F&R, are incorporated by reference in this Order, and need not be repeated here.

In addressing each ground for error raised in the Plaintiff's opening brief, the F&R found that: (1) the ALJ did not err in determining that Plaintiff did not meet the requirements of listing 12.07 somatoform disorders; (2) the ALJ did not err in discrediting Plaintiff's testimony regarding

2

excess pain; (3) the ALJ did not err in discounting the treating physician's opinions when evaluating Plaintiff's residual functional capacity; and (4) the ALJ did not err in determining that Plaintiff could return to his past relevant work.

After reviewing de novo those portions of the F&R to which Plaintiff objects and otherwise finding no clear error on the face of the record, the Court **ADOPTS AS MODIFIED** the magistrate judge's F&R, and **AFFIRMS** the ALJ's decision.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to the district judge proposed findings of fact and recommendations for the disposition, by the district judge, of a motion for judgment on the pleadings as well as a motion for summary judgment. 28 U.S.C. § 636 (b)(1)(B).

This Court must review de novo those portions of the magistrate judge's Findings and Recommendation ("F&R") to which a party objects. Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. Id.; see also Rule 74.2 of the Local Rules of the United States District Court for the District of Hawaii. This Court may accept those portions of the F&R that are not objected to if it is satisfied that there is no clear error on the face of

3

the record.  <u>See</u> <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127
(D. Haw. 2003) (citing <u>Abordo v. State of Hawaii</u>, 902 F. Supp.
1220 (D. Haw. 1995); <u>Campbell v. United States Dist. Court</u>, 501
F.2d 196, 206 (9th Cir. 1974)).

<u>**ANALYSIS**</u>

**A.   <u>Plaintiff's Objections to F&R</u>**

Plaintiff lodges two fairly broad objections to the F&R:

(1) First, Plaintiff contends that the F&R does not fully
and adequately address Plaintiff's argument that the ALJ should
not have discounted Greg Ruhland M.D.'s statement of disability.
Plaintiff contends that the ALJ should have given more weight to
Dr. Ruhland's testimony under the factors set forth in 20 C.F.R.
§ 404.1527(d)(2).  Plaintiff also contends that the F&R ignores
the fact that Dr. Ruhland's statement of disability was supported
by others, including another medical doctor, Bruce S. Katsura
M.D., employed by Defendant.

(2) Second, Plaintiff objects to the magistrate judge's
conclusions regarding his ability to perform his past relevant
work.  Plaintiff made three main arguments with regard to the
issue of his past relevant work.  First, Plaintiff argued that
the ALJ did not properly account for the fact that there was a
serious disparity between the vocational expert's testimony at
the first hearing and her testimony at the second hearing.
Second, Plaintiff argued that his situation may be a "composite"

4

job (one that does not fall squarely within a single Dictionary of Occupational Titles category).   Finally, Plaintiff argued that the ALJ erred in failing to properly consider that the Plaintiff's past job, as described by him, included lifting and carrying 20 pounds frequently, as opposed to occasionally.

**B.   <u>Applicable Law</u>**

The Social Security Administration has implemented regulations establishing when a person is disabled so as to be entitled to benefits under the Social Security Act, 42 U.S.C. § 423.   The regulations establish a five-step sequential evaluation process:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)

5

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. § 404.1520; see 20 C.F.R. § 416.20.

In this case, Plaintiff's objections to the F&R concern the F&R's analysis of the ALJ's decision regarding his residual functional capacity, and the F&R's conclusions in reviewing the ALJ's determination with regard to Plaintiff's past relevant work experience.

## 1.   Dr. Ruhland's Statement of Disability

Plaintiff's argument with respect to Dr. Ruhland's testimony goes to the third issue presented in his opening brief:  Whether the ALJ erred when he discounted the treating physician's opinion regarding the plaintiff's residual functional capacity?  The issue of Plaintiff's residual functional capacity goes to step four of the five-step sequential evaluation process:  Can the claimant perform relevant work done in the past?

Plaintiff's chief complaint is that the ALJ did not give sufficient weight to Dr. Ruhland's testimony.  (Opening Br. at 21.)  Dr. Ruhland was one of Plaintiff's treating physicians. Dr. Ruhland examined Plaintiff, and prescribed various medications for him, a number of times between May 2002 and October 2003.  By October 2003, Dr. Ruhland concluded that

6

Plaintiff had severe degenerative lumbar spine disease with low back pain and lower extremity radiculopathy and that medical management had unsatisfactory results. (Administrative Record ("RA") at 164-65.)

Plaintiff concedes that Dr. Ruhland's "conclusory statement" that Plaintiff was disabled (RA at 21) "may not be entitled to controlling weight under the circumstances", but contends that the ALJ erred by entirely discounting Dr. Ruhland's statement. (Opening Br. at 19-20.)

20 C.F.R. § 404.1527 sets forth a list of factors that the Social Security Administration ("SSA") considers in evaluating medical opinion evidence. The SSA accords different weight to medical opinion testimony depending upon the type of relationship between the patient-social security claimant and the physician. The SSA may give the medical professional's opinion controlling weight if there is a "treatment relationship." When the SSA does not give the treating physician's opinion controlling weight, the SSA considers other factors listed in the regulation.

Plaintiff does not argue that the ALJ should have given Dr. Ruhland's testimony controlling weight. Rather, Plaintiff argues that the ALJ did not adequately consider the factors that apply when a treating physician's opinion is not given controlling weight: the length of treatment and frequency of examination; nature and extent of the treatment relationship; supportability;

consistency; and specialization.   20 C.F.R. § 1527(d)(2)(i)(ii)
and § 1527(d)(3), (4), and (5).

Plaintiff contends that Dr. Ruhland's testimony was entitled
to more weight than that afforded by the ALJ because:  Dr.
Ruhland is a specialist in pain management; Dr. Ruhland saw
Plaintiff regularly through 2004; various record testimony
demonstrates that Plaintiff's pain affects his ability to
function; and Dr. Katsura, who examined Plaintiff several times
in 2002 and 2003, concluded that Plaintiff's functional capacity
was deteriorating over time and that by May 2003, Plaintiff could
lift less than 10 pounds, stand and walk for less than two hours,
and sit for six hours.  (Opening Br. at 20-21.)

Deference to a treating physician's opinion is not absolute
and an opinion may be discounted where it is not supported by
objective evidence.  Morgan v. Commissioner of Social Security
Admin., 169 F.3d 595, 600 (9th Cir. 1999); Reddick v. Chater, 157
F.3d 715, 725 (9th Cir. 1998).  If the ALJ rejects the opinion of
a treating physician, he must provide specific and legitimate
reasons that are supported by substantial evidence in the record.
Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995);
Magallanes v. Bowen, 881 F.2d 747, 752-53 (9th Cir. 1989),
Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983).

The ALJ properly discounted Dr. Ruthland's conclusory
statement that Plaintiff was disabled.  As stated above,

Plaintiff concedes that Dr. Ruhland's statement was conclusory. Conclusory opinions with little clinical support are properly rejected.  See Magallanes, 881 F.2d at 750.  The ALJ, and not the treating physician, is charged with the responsibility of determining a claimant's residual functional capacity as part of the disability evaluation.  See 20 C.F.R. § 404.1546(c), § 416.946(c).  A physician's statements that an individual is unable to work does not mean that the individual is disabled under SSA standards.

In this case, the ALJ considered the fact that Dr. Ruhland was unable to provide any laboratory findings of debilitation or objective medical signs supporting the conclusory opinion.  (AR at 21.)  The ALJ also considered Plaintiff's subjective complaints of pain.  The ALJ properly assessed Plaintiff's credibility and set forth several specific reasons why he discredited Plaintiff's testimony regarding excess pain.  (AR at 18-21.)  The ALJ found Plaintiff's statements and testimony concerning his impairment to be disproportionate to the medical evidence in the record.  (AR at 21; see F&R at 21-25.)

A review of the administrative record shows that the ALJ looked at Dr. Ruhland's testimony as a whole.  In discounting Dr. Ruhland's conclusory opinion, the ALJ considered that on July 3, 2003, Dr. Ruhland stated that all of Plaintiff's clinical work-ups were negative as to any cause of his pain, and the majority

9

of Plaintiff's examinations were relatively normal. (AR at 16-18, 21, 170.)

The administrative record also shows that the ALJ considered two Physical Residual Capacity Assessments that the state agency physicians completed on August 26, 2003 and November 11, 2003. (AR at 19.)  The physicians, after separately reviewing the evidence, opined that Plaintiff could perform light work, with restrictions limiting climbing, balancing, stooping, kneeling, crouching, and crawling to only occasional basis, and precluding the use of ropes, ladders, and scaffolds.  (AR at 19, 153-60, 233-40.)  Both physicians also questioned Plaintiff's credibility and indicated the Plaintiff's allegations were not supported by evidence in the file.  (AR at 158, 238.)

An ALJ may reject a treating physician's opinion that is "conclusory, brief, and unsupported by the record as a whole." Batson v. Commissioner Social Security Administrative, 359 F.3d 1190, 195 (9th Cir. 2004) (citation omitted).  The ALJ gave specific, legitimate reasons for discounting Dr. Ruhland's statement and appropriately resolved the conflicts in the evidence.  See Murray, 722 F.2d at 502; Magallanes, 881 F.2d at 750.  The ALJ's discounting of Dr. Ruhland's conclusory statement was supported by substantial evidence.

**2.  Plaintiff's Past Relevant Work**

Plaintiff's objections to the magistrate judge's conclusions

regarding his past relevant work go to the fourth issue presented in his opening brief:  Whether the ALJ erred when he failed to consider the actual requirements of plaintiff's prior work?   In order to be disabled within the meaning of the Social Security Act, a claimant's impairment must prevent him from returning to past relevant work or making an adjustment to other work.   20 C.F.R. §§ 404.1520(f) and (g).  In order to determine whether a claimant can return to his past relevant work, the ALJ compares the residual functional capacity assessment made in step four of the five-step sequential evaluation process with the physical and mental demands of past relevant work.

Plaintiff has the burden of proving that he cannot perform past relevant work.  Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982).  If plaintiff meets his burden, "the burden shifts to the Secretary to show 'that the claimant can engage in other types of substantial gainful work that exists in the [national] economy.'"  Id. (citation omitted).

At the administrative hearing, a vocational expert may testify as to what jobs a claimant is able to perform in the national economy.  The ALJ may pose hypothetical questions to the vocational expert.  In posing a hypothetical question to the vocational expert, the ALJ "'must set out all limitations and restrictions of the particular claimant.'"  Magallanes, 881 F.2d at 756 (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.

1988)).  The ALJ may limit a hypothetical to only those restrictions which are supported by substantial evidence in the record.  <u>Magallanes</u>, 881 F.2d at 756-57.

The ALJ found that Plaintiff had the residual functional capacity to "perform light work, with restrictions limiting climbing, balancing, stooping, kneeling, crouching, and crawling to only occasional basis, and precluding the use of ladders, ropes, and scaffolds."  (AR at 22.)  Plaintiff's past relevant work included work as a landscape supervisor.  (AR at 21.)  Based on the evidence in the record, the ALJ found that in a typical eight-hour day, Plaintiff's past relevant work "required him to walk for two hours, stand for two hours, sit for two hours, stoop for 1/2 hour, kneel for 1/2 hour, crouch for 1/2 hour, and write, type or handle small objects for 1/2 hour."  (AR at 21-22.)

In determining Plaintiff's ability to perform his past relevant work, the ALJ also considered a vocational expert's testimony.  The vocational expert testified that Plaintiff's particular job is identified in the Dictionary of Occupational Titles as light duty work.  (AR at 22.)  The ALJ posed a hypothetical to the vocational expert regarding the type of work a person with Plaintiff's residual functional capacity could perform.  In light of Plaintiff's residual functional capacity, the vocational expert testified that Plaintiff could perform his past relevant work as a landscape foreman.  (AR at 22.)  Based on

12

the record evidence as a whole, including the vocational expert's testimony, the ALJ concluded that Plaintiff's "past relevant work as landscape foreman did not require the performance of work-related activities precluded by his residual functional capacity."  (AR at 22.)

Plaintiff contends that the F&R does not adequately consider Plaintiff's three main arguments, set forth above, with regard to his past relevant work.  Based on its review of the entire administrative record, the Court rejects Plaintiff's arguments.

First, there was not a serious disparity between the vocational expert's testimony at the first hearing compared with that provided at the second hearing.  At the first hearing on June 9, 2004, the vocational expert, Gwen Keliihoomalu, testified that in the past 15 years Plaintiff had worked as a security guard, which is semi-skilled and light, as a construction laborer which is semi-skilled and heavy, and as a landscape foreman, which she described as "skilled and heavy".  (AR at 399.)  The vocational expert opined that Plaintiff could work as a security guard.  (AR at 400.)

In testifying at the second hearing, Gwen Keliihoomalu described Plaintiff's past job as a landscape foreman as semi-skilled and light.  (AR at 420.)  In response to the ALJ's hypothetical, she testified that a person who could only perform a full range of light work could be employed in Plaintiff's prior

work as a landscape supervisor.  (AR at 422.)

Plaintiff takes issue with the vocational expert's diverging descriptions as to whether a landscape foreman is "light" or "heavy", but this is explained by the vocational expert's reference to different sections of the Dictionary of Occupational Titles.  During the first hearing, the vocational expert referenced DOT 408.161-010, but at the second hearing, the vocational expert referenced DOT 406.134-014.  DOT 408.161-010[1] describes the work of a landscape gardener or landscaper.  DOT 406.134-014[2] describes the work performed by a landscape

_____

[1] U.S. Department of Labor, Dictionary of Occupational Titles, 408.161-010 provides:
LANDSCAPE GARDENER (agriculture) alternate titles: landscaper
Plans and executes small scale landscaping operations and maintains grounds and landscape of private and business residences: Participates with LABORER, LANDSCAPE (agriculture) in preparing and grading terrain, applying fertilizers, seeding and sodding lawns, and transplanting shrubs and plants, using manual and power-operated equipment. Plans lawns, and plants and cultivates them, using gardening implements and power-operated equipment. Plants new and repairs established lawns, using seed mixtures and fertilizers recommended for particular soil type and lawn location. Locates and plants shrubs, trees, and flowers selected by property owner or those recommended for particular landscape effect. Mows and trims lawns, using hand mower or power mower. Trims shrubs and cultivates gardens. Cleans grounds, using rakes, brooms, and hose. Sprays trees and shrubs, and applies supplemental liquid and dry nutrients to lawn and trees. May dig trenches and install drain tiles. May make repairs to concrete and asphalt walks and driveways.

[2] U.S. Department of Labor, Dictionary of Occupational Titles, 406.134-014 provides:

14

supervisor.  Because Plaintiff described his past relevant work
as that of a landscape foreman (AR at 117), the Directory of
Occupational Titles reference made by the vocational expert at
the second hearing has greater applicability.  It follows that
the ALJ's consideration of the vocational expert's opinion was
well founded.  It was based on the correct DOT section (DOT
406.134-014), the fact that Plaintiff's past work was semi-
skilled and light, and is supported by substantial evidence in
the record.

Moreover, it was not improper for the ALJ to rely on the
testimony of the impartial vocational expert that was before him
at the second hearing, regardless of whether it varied from
testimony given at the first hearing.  For that matter,
vocational expert testimony is not necessarily required for the

---

SUPERVISOR, LANDSCAPE (museums; waterworks)

Supervises and coordinates activities of workers
engaged in maintenance of areas, such as parks,
botanical gardens, and playgrounds: Plans
landscaping tasks, and instructs workers in taking
care of nursery, planting of flowers, and
transplanting and pruning of trees and shrubbery.
Directs workers in maintenance and repair of
driveways, walks, hedges, swings, benches, and
other park equipment. Performs other duties as
described under SUPERVISOR (any industry) Master
Title. May patrol parks to guard against vandalism
and destruction. May supervise workers engaged in
maintenance of areas along highways, around rest
areas, and federal or state facilities and be
designated Supervisor, Grounds (government ser.);
Supervisor, Rest Area (government ser.); or
Supervisor, Park Workers (government ser.).

15

ALJ to make a finding under step 4 of the five-step sequential analysis that Plaintiff can perform his past relevant work. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). The variance in the vocational expert's assessment of Plaintiff's past relevant work goes to the credibility and weight afforded the vocational expert's testimony. The ALJ's decision to give weight to the vocational expert's testimony was a rational interpretation of the evidence which this Court must uphold. See Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

Plaintiff places too much emphasis on whether Plaintiff frequently, as opposed to occasionally, lifted 20 pounds in his past work as a landscape supervisor. The ALJ found that Plaintiff could perform light work, with certain limitations. Plaintiff points to Appendix C of the Dictionary of Occupational Titles as describing light work as "exerting up to 20 pounds of force occasionally". (Opening Br. at 23.) The applicable regulations describe light work as "involv[ing] lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). The next category, medium work, "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). Even frequent lifting of 20 pounds is thus within the parameters of light, as opposed to medium, work. Further, Plaintiff does not

16

point to any evidence in the record that Plaintiff's past
relevant work required him to perform activities beyond his
residual functional capacity.

Second, the record evidence does not support Plaintiff's
argument that the ALJ failed to consider the fact that
Plaintiff's situation may be a composite job.  Plaintiff
describes his past work as a "composite" job, having no DOT
counterpart.  "Composite jobs have significant elements of two or
more occupations and, as such, have no counterpart in the DOT.
Such situations will be evaluated according to the particular
facts of each individual case."  Social Security Ruling, 82-61
(1982).  Plaintiff contends that the evidence in the record
suggests that his past job was a composite of "the two jobs cited
by the vocational experts."  (Opening Br. at 22.)  Presumably
Plaintiff is referring to the job of landscaper described by the
vocational expert at the first hearing and the job of landscape
supervisor described by the vocational expert at the second
hearing.

The evidence shows that the ALJ did consider the particular
facts of Plaintiff's case as required when considering a
composite job.  In fact, the purpose of the vocational expert's
testimony was to assist the ALJ in considering the Plaintiff's
job as he performed it.  See Gamer v. Secretary of Health and
Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987) (quoting

Sample, 694 F.2d at 643).

Finally, Plaintiff contends that the magistrate judge erred by failing to properly consider Plaintiff's past job as described by him, in particular, the fact that he had indicated on his Disability Report form that he lifted 20 pounds frequently.  The frequent lifting of 20 pounds is consistent with the parameters that define light work.  See 20 C.F.R. § 404.1567(b).  As discussed above, the record shows that the ALJ considered all of the evidence pertaining to Plaintiff's past relevant work as a landscape supervisor.  After doing so, the ALJ found that Plaintiff's past relevant work "clearly falls within the parameters of the claimant's residual functional capacity (i.e., light work with occasional postural limitations).  (AR at 22.)

In objecting to the conclusion that his past work is properly classified as light work, Plaintiff relies on the "Disability Report" filled out by him on June 3, 2003.  On the "Disability Report" Plaintiff indicated that he lifts plants "up to 20 lbs some days".  (AR at 117.)  Plaintiff also checked boxes which indicated that the heaviest weight he lifted was 20 pounds and that the amount of weight he frequently lifted was 20 pounds.  (Id.)

Plaintiff is correct that the F&R is in error in so far as it states that: "Plaintiff indicated that when working as a landscape foreman, he occasionally lifted plants up to 20

18

pounds." (F&R at 31 (emphasis added).)  The Court modifies that portion of the F&R so that it reads: "Plaintiff indicated that when working as a landscape foreman, he frequently lifted plants up to 20 pounds."  Yet, that modification does not change the result.  A claimant's statement that he frequently lifted 20 pounds is not inconsistent with a classification of light work. In this case, the ALJ properly considered all evidence in the record and reached conclusions supported by substantial evidence as to such issues as Plaintiff's credibility, the weight afforded his treating physician's testimony, and other medical evidence as well as Plaintiff's residual functional capacity and his past relevant work.

The Court has reviewed the entire record and has reviewed de novo those portions of the magistrate judge's F&R to which Plaintiff objects and finds that there is substantial evidence to support the ALJ's decision.

## CONCLUSION

For the foregoing reasons,

    (1)   the ALJ's decision to deny Plaintiff social security benefits is **AFFIRMED.**

    (2)   the magistrate judge's Findings and Recommendation to Affirm the Decision of the Administrative Law Judge, dated September 10, 2007, is **ADOPTED AS MODIFIED** herein; and

19

    (3)  this case is now **CLOSED**.


IT IS SO ORDERED.

DATED: September 28, 2007, Honolulu, Hawaii.



                                    /s/ Helen Gillmor

                              Chief United States District Judge



DUANE K. AUWAE v. JO ANNE B. BARNHART, Commission of Social Security; Civ. No. 06-00371; **ORDER ADOPTING AS MODIFIED MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO AFFIRM THE DECISION OF THE ADMINISTARTIVE LAW JUDGE**